**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **ROBERT MAURER,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:21-CV-00844-NCC |
| ) | |
| **MICHELE BUCKNER,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1). Respondent has filed a response (Doc. 13). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (Doc. 8). After reviewing the case, the Court has determined that Petitioner is not entitled to relief. As a result, the Court will **DENY** the Petition and **DISMISS** the case.

### I. PROCEDURAL HISTORY

On August 31, 2017, Petitioner was found guilty by a jury in the Circuit Court of the County of St. Louis, Missouri of attempt to commit statutory sodomy in the first degree (Count I) and failure to register as a sex offender (Count II) (Doc. 13-6 at 88-89). On October 12, 2017, the Circuit Court sentenced Petitioner to a total sentence of life without the possibility of parole in the Missouri Department of Corrections (*id.* at 110). Petitioner appealed the judgment, raising one claim: "The trial court erred in refusing to instruct the jury, as requested by defense counsel, on statutory sodomy in the second degree … since the jury could have found that D.B. was not under fourteen at the time of the alleged crime" (Doc. 13-4 at 9). On January 22, 2019, the

Missouri Court of Appeals for the Eastern District affirmed the judgment (Doc. 13-7).  The Missouri Court of Appeals' Mandate issued on February 14, 2019 (Doc. 13-10 at 34).

Petitioner filed a pro se motion for post-conviction relief on November 8, 2017 (*id.* at 35).  On April 15, 2019, counsel filed an amended motion for post-conviction relief on Petitioner's behalf raising three claims:

> (1) [T]rial counsel failed to locate, interview, endorse, subpoena, or call as witnesses … Ms. F.C., Ms. K.R., and Mr. A.R.
>
> (2) [T]rial counsel failed to object and request a mistrial when the jurors saw Mr. Maurer limping because of a leg brace.
>
> (3) [T]rial counsel failed to impeach the credibility of the complaining witness by introducing into evidence the inconsistencies between the complaining witness' November 13, 2015 statement during a Children's Division Services (CDS) investigation, a November 17, 2015 interview by CDS employee Elizabeth Parrin-Hathaway, a December 11, 2015 interview by Children's Advocacy Center (CAC) employee Connilee Christie, a deposition conducted by trial counsel on August 18, 2017, and her trial testimony.

(*id.* at 73-90).  After an evidentiary hearing, the motion court denied Petitioner's amended motion (*id.* at 116).  On March 23, 2021, the Missouri Court of Appeals for the Eastern District affirmed the motion court's denial of the motion (Doc. 13-12).  The Missouri Court of Appeals' Mandate issued on April 20, 2021.  On July 13, 2021, Petitioner filed his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody raising four grounds (Doc. 1).

## II.  DISCUSSION

In the habeas setting, a federal court is bound by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, to exercise only "limited and deferential review" of underlying state court decisions.  *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003).  Under this standard, a federal court may not grant relief to a state prisoner unless the state court's

2

adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407-08. Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. § 2254(e)(1); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004).

      Petitioner asserts three grounds for relief:

(1) [Petitioner] was arrested and held without probable cause and without a warrant;

(2) [Petitioner] is not eligible for the sentence imposed; and

(3) Propensity Evidence was unlawfully admitted.

(Doc. 1 at 6-7, 9). Respondent argues that all three grounds are procedurally defaulted. The Court agrees. Petitioner did not raise any of these grounds in his direct appeal or post-conviction case. *See* Doc. 13-4; Doc. 13-10 at 73-90. Therefore, they are procedurally defaulted. *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012). Petitioner does not allege sufficient cause and

3

prejudice to excuse the default. Petitioner merely states that counsel failed to raise or exhaust these grounds for unknown reasons (Doc. 1 at 6, 8-9, 12). All grounds are denied.

### III.  CONCLUSION

For the reasons stated above, the Court finds that Petitioner is not entitled to federal habeas relief. Furthermore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability will not be issued. 28 U.S.C. § 2253.

A separate Judgment shall be entered in accordance with this Memorandum and Order. Dated this 5th day of August, 2024.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE

4